624

146 So. 919

## Odell ESSINGER v. STATE.
### 8 Div. 714.

Court of Appeals of Alabama.
March 21, 1933.

BRICKEN, Presiding Judge.
Affirmed.

141 So. 920

## Charley EVANS v. STATE.
### 6 Div. 143.

Court of Appeals of Alabama.
May 10, 1932.

St. John & St. John, of Cullman, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

See, also, 135 So. 647.

BRICKEN, P. J.

Count 1 of the indictment was nol. prossed upon motion of the state, and this appellant was arraigned and pleaded not guilty to count 2, which charged him with the unlawful possession of a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages. He was convicted under said count and was duly sentenced to serve an indeterminate term of imprisonment in the penitentiary as the law requires.

No exceptions were reserved pending the examination of witnesses. At the close of the state's case, the defendant rested also, and offered no evidence in his behalf.

The sufficiency of the evidence to sustain a conviction was not challenged by requesting the affirmative charge. This cause is hero rested upon certain exceptions to the court's oral charge, and also upon the action of the court in overruling the defendant's motion for a new trial.

The foregoing insistences are so clearly without merit a discussion of the points of decision is not necessary. As we view the evidence in this case, it presented a jury question, and the court submitted the case to the jury without semblance of error.

The court's oral charge when considered as a whole, as it must be considered, was a correct charge upon the issues involved in this case. The exceptions to this charge cannot be sustained. The motion for new trial was properly overruled.

No prejudicial error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

144 So. 921

## Lloyd EVERHART v. STATE.
### 4 Div. 886.

Court of Appeals of Alabama.
Nov. 15, 1932.

SAMFORD, J.
Appeal dismissed by appellant.

139 So. 914

## Jack EWING v. STATE.
### 8 Div. 349.

Court of Appeals of Alabama.
Feb. 2, 1932.

SAMFORD, J.
Affirmed.

144 So. 921

## John C. FABRETTA v. STATE.
### 1 Div. 68.

Court of Appeals of Alabama.
Nov. 22, 1932.

BRICKEN, P. J.

At the April, 1931, term of the Mobile circuit court, the grand jury indicted John C. Fabretta for the offense of assault with intent to murder, charging therein that he unlawfully and with malice aforethought did assault John Cooper, Jr., with the intent to murder him, etc.

On February 24, 1932, he was tried upon said indictment, to which he interposed a plea of not guilty, and the trial resulted in a verdict by the jury of, "We the jury. find the defendant John C. Fabretta guilty as charged in the indictment." In accordance with the verdict, the court adjudged the defendant guilty, and as a punishment inflicted upon him an indeterminate term of imprisonment in the penitentiary of not less than two years, nor more than two years and one day. This was the minimum punishment, under the statute, for an offense of this char-